STATE OF NORTH DAKOTA EX REL. GOTTFRIED BEIERLE, and John Brandner, on Their Own Behalf and as Residents and Taxpayers of Fleak School District No. 27 of the County of Grant and State of North Dakota, and on the behalf of Other Residents, and Taxpayers of Said District Similarly Situated, Respondents, v. WILLIE SEIBEL, G. G. Koepplin and Emanuel Teitz, Directors of Fleak School District No. 27, County of Grant and State of North Dakota, and Mrs. Fred Seibel, Clerk of said School District. WILLIE SEIBEL, G. G. Koepplin and Emanuel Teitz, Directors of Fleak School District No. 27, County of Grant and State of North Dakota, Appellants.

(230 N. W. 734.)

Opinion filed May 2, 1930.

A. T. Nelson (O'Hare, Cox & Cox of counsel), for appellants.

*Edmund Dubs* and *Sullivan, Hanley & Sullivan,* for respondents.

BIRDZELL, J. This is a mandamus proceeding to compel the officers of Fleak school district No. 27 of Grant county to open and conduct a school within the district. A peremptory writ was awarded in accordance with the prayer of the petition and the defendants have appealed. The facts developed at the hearing may be briefly stated as follows: The school district in which the petitioners reside is a common school district comprising a congressional township of thirty-six sections. Prior to the 8th of March, 1928, schools were organized and conducted in four school buildings within the district. On or about the latter date the school conducted in building No. 4 was discontinued owing to lack of attendance. About a year later the petitioner Brandner moved into the school district and resided upon a farm distant a mile to a mile and a half from school No. 4 and approximately two and one-half miles from school No. 2. He has five children of school age. The other petitioner, Beierle, having two children of school age, has continued to reside near the south township line approximately a mile and a half from the closed school No. 4 and approximately four miles and a half from schools Nos. 1 and 2 within the district and about two miles from the nearest school in the adjoining district. After Brandner moved into the district no provision was made for conducting school in building No. 4 and this proceeding was begun in November, 1929, to compel the opening of that school.

On this appeal certain questions of procedure have been urged upon which we find it unnecessary to express any opinion. Neither is it

necessary to consider whether or not the defendants may be required to furnish transportation to any of the pupils, children of Brandner or Beierle, or pay tuition in an adjoining district. The issue which goes most directly to the merits of this controversy concerns the obligation of the officers of the common school district to reopen a school once closed or discontinued under the statute on account of nonattendance.

Assuming that the schoolhouses and school sites owned by the district had been legally located and established with a view to the best accommodation of the patrons of the schools and that school No. 4 had been discontinued under the authority of § 1189 of the Compiled Laws of 1913, do the facts in this record show a clear legal duty resting upon the defendants to reopen the school? Section 1189 provides that the board shall determine and fix the time the schools of the district shall be taught each year and that the terms shall be arranged so as to accommodate and furnish school privileges equally and equitably to pupils of all ages. It requires that each common school shall be kept in session not less than seven months, to which requirement there is this proviso: "Provided, further, that any school may be discontinued when the average attendance of pupils therein for ten consecutive days shall be less than four, and all contracts between school boards and teachers shall contain a provision that no compensation shall be received by such teacher from the date of such discontinuance, if proper and convenient school facilities be provided for the pupils therein in some other school." It seems to be assumed by the respondent herein that whenever, after a school has been legally discontinued under this section, there shall be present within the area served by such school more than four pupils, it becomes the duty of the board to reopen the school and furnish accommodations for such pupils. The language of the statute scarcely warrants this deduction, for it nowhere indicates that the discontinuance is to be temporary or only until such time as there may be reasonable assurance that four pupils will attend. Furthermore, such a construction would scarcely be consistent with the preceding section (1188) which covers the situation in which a school board may be required to organize a separate school. This section, as amended by chapter 283 of the Session Laws of 1923, provides: "If a petition signed by persons charged with the support and having the custody and care of nine or more children of the compulsory school

498

age, determined by § 1342 of the Compiled Laws of the state of North Dakota for the year 1913 and acts amendatory thereto, all of whom reside not less than two and one-half miles from the nearest school, is presented to the board, asking for the organization of a school for such children, the board shall organize such school and employ a teacher therefor . . . ." The remainder of the section makes provision for the rental of quarters, the selection of a site, purchase or erection of schoolhouses, etc.

Our school law is replete with provisions expressive of the obligations of school officers to maintain schools, to furnish school facilities and transportation, but it nowhere requires any particular number of schools to be maintained nor that schools be provided according to the number of pupils to be accommodated or the distance necessary to be traveled, except that a school is required to be organized and conducted where nine or more children residing at least two and one-half miles from the nearest school will be accommodated thereby. Section 1188, supra, as amended by chapter 283, Session Laws of 1923. In the instant case it appears that three schools were maintained and operated within the district in question and it does not appear that the reopening or reorganizing of the school in question was necessary in order to fulfill any duty, either statutory or otherwise, resting upon the defendant school officers to accommodate and furnish school privileges equally and equitably to the pupils residing in the district.

It follows that the judgment awarding, the writ of mandamus is erroneous and it is reversed.

BURKE, Ch. J., and CHRISTIANSON, NUESSLE and BURR, JJ., concur.